# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1764V
UNPUBLISHED

| | |
|---|---|
| MAYA FEDERMAN,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 28, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 4, 2020, Maya Federman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine received on September 18, 2019. Petition at 1. Petitioner further alleges that she received the vaccine in the United States, her SIRVA persisted for more than six months, and neither Petitioner nor any other party has ever filed an action, or received compensation in the form of an award or settlement, for Petitioner's vaccine-related injury. Petition at ¶¶ 2, 10-12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 17, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On July 28, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $45,251.96. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $45,251.96 (comprised of $45,000.00 in pain and suffering and $251.96 in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| MAYA FEDERMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 20-1764V **(ECF)** |
| v. ) | Chief Special Master Corcoran |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On December 4, 2020, Maya Federman ("petitioner") filed a petition (ECF No. 1) for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine that she received on September 18, 2019. ECF No. 1 at 1. On March 15, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) report (ECF No. 21) indicating that this case is appropriate for compensation under the terms of the Vaccine Act for a SIRVA Table injury, and on March 17, 2022, the Chief Special Master issued a Ruling on Entitlement (ECF No. 23) finding that petitioner was entitled to compensation.

**I.    Items of Compensation**

  A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $45,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.     <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses pertaining to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $251.96. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.   Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1] a lump sum payment of $45,251.96, in the form of a check payable to petitioner.

## III.   Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Maya Federman:     **$45,251.96**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

3

                    ALEXIS B. BABCOCK
                    Assistant Director
                    Torts Branch, Civil Division

*/s/ Benjamin P. Warder*
BENJAMIN P. WARDER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Telephone:  (202) 532-5464
Email:  Benjamin.P.Warder@usdoj.gov

DATE:  July 28, 2022